TULL & GIBBS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32294.   Promulgated January 7, 1931.

*C. E. McCulloch, Esq.*, and *I. F. Phipps, Esq.*, for the petitioner.
*L. A. Luce, Esq.*, for the respondent.

OPINION.

ARUNDELL: Petitioner claims that under section 705 of the Revenue Act of 1928 the respondent erred in determining deficiencies based on amounts collected in the taxable years on account of installment sales made prior to 1920. The deficiency notice in this proceeding was issued by the respondent prior to the enactment of the Revenue Act of 1928. Section 705 of that Act, as far as material here, provides that if a taxpayer changed his method of reporting income to the installment basis for the year 1924 or any prior year by an original return made before February 26, 1926, then no deficiency shall be determined on account of amounts received during the taxable year from sales made in years prior to that of the change to the installment basis.

Petitioner has established that it has met the requirements of the above section and we accordingly hold that the respondent erred as alleged on this issue. *Grand Rapids Show Case Co.*, 12 B. T. A. 1024; *S. Davidson & Bros. Inc.*, 21 B. T. A. 638. For the years 1920 and 1921 the parties stipulated the amounts collected in those years which represented profits on sales of 1919 and prior years. For the year 1923 they stated at the hearing that they were unable to agree as to the adjustments made. However, the deficiency notice shows the adjustments made by the respondent and also gives an explanation of them. For that year respondent increased income by $108,-897.38 and decreased it by $66,463.77, making a net increase of $42,433.61. The adjustments are explained by reference to the computation for the year 1919, where the explanation is given as set out in the findings of fact. This is sufficient to show that the net increase of $42,433.61 falls in the same category as the adjustments for 1920 and 1921 which we have held to be erroneous.

The invested capital question has heretofore been decided adversely to petitioner's contention in a number of cases. See *J. B. Bradford Piano Co.*, 15 B. T. A. 1045; *Jacob Bros. Co.*, 19 B. T. A. 59; *S. Davidson & Bros. Inc.*, *supra*.

*Decision will be entered under Rule 50.*